IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLARENCE C. HOUSER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-180 |
| | ) | |
| JOHN E. POTTER, | ) | Magistrate Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

**I. MEMORANDUM**

For the reasons that follow, Defendant's Motion to Strike (Doc. 8) will be granted in part and denied as moot in part and Defendant's Motion to Dismiss the Complaint (Doc. 10) will be granted in part and denied in part, as discussed below.

**PROCEDURAL BACKGROUND**

*Pro se* Plaintiff, Clarence C. Houser, Jr., initiated this action on February 12, 2009, with the filing of a motion for leave to proceed *in forma pauperis*, accompanied by a Complaint alleging that Defendant, John Potter, Postmaster General, United States Postal Service ("USPS" or "Defendant") discriminated and retaliated against him on the basis of his age and disability and slandered his image and performance. Houser's prayer for relief requests payment of his medical bills and damages for pain and suffering.

On May 18, 2009, this Court granted Plaintiff's motion to proceed *in forma pauperis* and the Complaint was docketed. On October 2, 2009, the USPS filed a motion to strike Plaintiff's claim for compensatory damages under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. ("ADEA") and for punitive damages under the ADEA and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. ("Rehabilitation Act"). On that same date, Defendant filed a

motion to dismiss, urging that the Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court ordered Plaintiff to file a response to the motion by October 30, 2009. On Plaintiff's request, the deadline for his response was extended to November 16, 2009. To date, Plaintiff has not responded to Defendant's motion to dismiss.[1]

**FACTS**

Houser alleges that he began working for the USPS as a part-time Flexible Carrier on June 4, 2004. In August of 2007, Houser contends that he had an accident on the job resulting in a knee injury. On December 4, 2007, Houser's supervisor, Mike McGinnis ("McGinnis"), allegedly instructed him not to return to work until he submitted a written description of his restrictions. Houser contends that McGinnis's directive conflicted with his physician's advice. (Compl. ¶¶5-7.)

Although the Complaint is not clear on what next transpired, it appears that Houser did not return to work until April 7, 2008. Although he had not healed from knee surgery, Houser alleges that when he returned to work he was forced to work beyond his doctor's restrictions and suffered another injury, a "hernia [sic] disc." (Compl. ¶7.) In addition to his physical injury, Houser claims that he was "written up" without cause on several occasions, was cast out of the building by McGinnis without reason, and that McGinnis "slander[ed his] image & performance because of [his] age & health." Id. at ¶ 7 A, B, and C.

---

[1] Generally, courts should not dismiss a *pro se* plaintiff's complaint merely for his failure to serve a timely brief in opposition to a defendant's motion to dismiss. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Because the order here did not affirmatively warn Houser that failure to respond to Defendant's motion could result in dismissal, the Court will undergo an analysis of the merits.

## ANALYSIS

### A. Standards of Review

#### 1. Fed. R. Civ. 12(b)(6) - Failure to State Legally Cognizable Claim

The United States Supreme Court opinions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and more recently, in Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the mere possibility of relief to survive a motion to dismiss. Id. at 1949.

With the Supreme Court instruction in mind, the Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "'plausible claim for relief.'" Id. at 210 (quoting Iqbal, 129 S. Ct. at 1950). That is, a complaint must do more than allege the entitlement to relief, its facts must show such an entitlement. Id. at 211.

#### 2. Fed. R. Civ. P. 12(b)(1) - Lack of Subject Matter Jurisdiction

Where, as here, a defendant's motion to dismiss for lack of subject matter jurisdiction disputes the existence of jurisdictional facts, the motion challenges subject matter jurisdiction "in fact." Carpet Group Int'l v. Oriental Rug Importers Assoc., Inc., 227 F.3d 62, 69 (3d Cir. 2000). In these instances, in contrast to an allegation that the complaint is facially deficient, no presumption of truthfulness attaches and "the Court is free to weigh the evidence and satisfy itself that it has power to hear the case." Id.

B. **Exhaustion of Administrative Remedies - Federal Claims**

Plaintiff alleges that he was discriminated against and retaliated against because of his age and disability in violation of the Rehabilitation Act and the ADEA. A federal employee seeking relief under the Rehabilitation Act must exhaust administrative remedies with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit. Campbell v. U.S., No. 09-1075, 2010 WL 1254699, at *2 (3d Cir. Apr. 2, 2010). In order to exhaust the administrative remedies applicable to the Rehabilitation Act, a claimant must first attempt to informally resolve the discrimination charge by consulting with an Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of the alleged discriminatory conduct. Dalzell v. Astrue, No. 05-755, 2008 WL 598307, at *3 (W.D. Pa. Mar. 3, 2008) (Cercone, J.); 29 C.F.R. § 1614.105(a)(1). If the matter cannot be resolved informally, a complaint must be filed with the agency within fifteen (15) days of receiving notice that the EEO counselor cannot resolve the matter. 29 C.F.R. § 1614.106. The federal agency then investigates the discrimination claim and issues a final agency decision. 29 C.F.R. §§ 1614.108, 1614.109, 1614.109 and 1614.110. After the final agency decision, the employee may either appeal to the EEOC, 29 C.F.R. §1614.401, or file a civil action in federal court within ninety (90) days of receiving the final decision. 29 C.F.R. §1614.407. As a prerequisite to filing suit in federal court, a plaintiff must receive a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(l); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001) (in Title VII context).

A federal employee has two options when pursuing an ADEA discrimination claim. He may choose the administrative process by filing a charge with the EEOC. If the employee is dissatisfied with the agency's disposition, he may then bring a civil action in federal court. 29 U.S.C. § 633a(c). Alternatively, a federal employee may file suit in federal district court directly after giving the EEOC not less thirty days' notice of intent to sue before he files his action. 29

U.S.C. § 633a(d); Purtill v. Harris, 658 F.2d 134, 138 (3d Cir. 1981). The notice must be filed with the EEOC "within one hundred and eighty days [180] after the alleged unlawful practice occurred." 29 U.S.C. § 633a(d).

Plaintiff's Complaint is devoid of information concerning administrative activity related to his discrimination claims. Nevertheless, a failure to exhaust administrative remedies is an affirmative defense and the burden falls to Defendant to plead and prove that Plaintiff has not complied with the requisites of the administrative process. Williams v. Runyon, 130 F.3d 568, 573 (3d Cir.1997). To this end, Defendant has provided a copy of an "EEO Complaint of Discrimination in the Postal Service" dated January 30, 2008 and ostensibly filed by Houser. (Def.'s Br. in Supp. of Mot. to Dismiss, Ex. 1 (Doc. 11).) As far as the Court can discern, the complaint alleges age and disability discrimination and retaliation, stemming from events in late 2007 when Plaintiff returned to work following his first injury and was not permitted to work. Defendant does not apparently dispute, and the Court will assume that, Houser attempted to invoke the requisite procedures to exhaust his administrative remedies as to his claims stemming from his return to work in 2007.

Defendant does not similarly concede that Houser has exhausted his administrative remedies relative to allegations of discriminatory conduct stemming from his return to work in April of 2008. Instead, Defendant seeks to dismiss these allegations for Plaintiff's alleged failure to exhaust his administrative remedies. Defendant, however, has provided no evidence – other than a mere allegation – that Plaintiff has not exhausted his administrative remedies as to this claim and, therefore, has not met its burden on this affirmative defense. Williams, *supra*.[2]

---

[2] Defendant has attached to its response a complaint of discrimination filed by Plaintiff in January of 2008. Defendant has offered no testimony, sworn statements or other evidence that Plaintiff did not file a second charge stemming from Mr. McGinnis's conduct when Plaintiff returned to work in April of 2008. This Court may not simply credit Defendant's assertions in its pleadings on this issue. To the extent that

Accordingly, the Court cannot dismiss Plaintiff's claims pertaining to the alleged discriminatory conduct upon his return to work in April, 2008.

### C. Merits of Plaintiff's ADEA claim

To demonstrate a prima facie case of age discrimination, the plaintiff has the burden to show that: 1) he is forty years of age or older; 2) he suffered from an adverse employment decision; 3) he was qualified for the position in question; and, 4) the employer gave more favorable treatment to an employee who is sufficiently younger to permit an inference of age discrimination. Grove v. Admiral Peary Area Vocational-Technical School, 221 Fed. Appx. 101, 104 (3d Cir. Feb. 23, 2007) (citing Tomasso v. Boeing Co., 445 F.3d 702, 706 n. 4 (3d Cir. 2006)).

Houser has not proffered any facts (or even allegations) related to his age nor has he even described how McGinnis's conduct was age-based.[3] The Complaint fails to satisfy the standards set forth in Twombly and Iqbal as to this claim and precludes a conclusion that Houser has a plausible claim for relief under the ADEA. Accordingly, Houser's claim of age discrimination will be dismissed without prejudice.

### D. Merits of Plaintiff's Rehabilitation Act

A prima facie case of discrimination under the Rehabilitation Act requires the employee to show that: 1) he has a disability; 2) he is otherwise qualified to perform the essential functions of the position, with or without accommodation; and, 3) he was victim to an adverse employment action because of his disability. Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996). As with his ADEA claim, Houser's claim of disability discrimination stems from his supervisor's alleged conduct on the two occasions that he returned to work following a medical leave.

---

[3] Defendant has evidence establishing its entitlement to disposition on this issue, the Court will entertain a summary judgment motion on the same.
To the extent that Houser claims that McGinnis's remarks were slanderous, such a discourtesy is not the type of adverse employment action that gives rise to an ADEA claim. See Caver v. City of Trenton, 420 F.3d 243, 255 (3d Cir. 2005) ("[u]nsubstantiated oral reprimands" and "unnecessary derogatory comments" not serious and tangible enough to constitute adverse employment action).

Defendant concedes that "at this stage in the proceedings, Plaintiff is not required to go into the particulars about the life activity affected by his alleged disability or detail the nature of his substantial limitations." (Def.'s Brief at p. 11). Defendant asserts, however, that Plaintiff must, at a minimum, identify an impairment, and that he has failed to adequately do so.

In Fowler, the Court of Appeals for the Third Circuit found a complaint sufficient when it set forth "how, when, and where [the defendant] allegedly discriminated against [the plaintiff]." Fowler, 578 F.3d at 212. Here, Plaintiff appears to allege that he suffered a knee injury on August 4, 2007, and explained that when he initially returned to work on December 4, 2007, his supervisor, Mr. McGinnis disregarded his doctor's orders and did not permit him to work. (Pl.'s Compl. ¶¶6-7.) Plaintiff then claims that he was off work until April of 2008, and that when he returned to work, he had not completely healed from knee surgery, and was forced to work beyond his doctor's restriction and "then acquired another injury, 'hernia [sic] disc.'" (Pl.'s Compl. ¶7.)

It appears to the undersigned that Plaintiff alleges that he suffered a knee injury that apparently was significant enough to require him to be off work for several months. He also asserts that his supervisor did not accommodate his knee impairment on both occasions when he returned to work. Given the liberality with which *pro se* pleadings are to be construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), and while the Plaintiff's Complaint certainly is not a picture of clarity and he will certainly need to demonstrate far more to overcome summary judgment, the Court cannot agree with Defendant that Plaintiff has not set forth a plausible Rehabilitation Act claim at this early stage.[4]

---

[4] Kania v. Potter, No. 09-1326, 2009 WL 4918013 (3d Cir. Dec. 22, 2009) is simply inapposite at this stage as it arises in the summary judgment context and has nothing to do with pleading requirements. As to Evans v. Maui Cup-Letica Corp., No. 07-1446, 2009 WL 1034490 (M.D. Pa. Apr. 16, 2009), this case pre-dates the Court of Appeals for the Third Circuit's decision in Fowler.

### E. Retaliation

To establish a prima facie case of retaliation under either the Rehabilitation Act or the ADEA, a plaintiff must show that: 1) he engaged in protected employee activity; 2) he was subject to an adverse employment action subsequent to or contemporaneous with the protected activity; and 3) there is a causal connection between the protected activity and the adverse action. Ozlek v. Potter, 259 Fed. Appx. 417, 422 (3d Cir. 2007) (Rehabilitation Act); Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005) (ADEA).

Here, Plaintiff does not aver any facts to suggest that he was engaged in protected activity when any allegedly adverse employment action occurred. Therefore, he has failed to show a required element of his prima facie retaliation claim under both the Rehabilitation Act and the ADEA and it will be dismissed without prejudice.

### F. Slander

Houser's claim that McGinnis slandered his image is subject to the provisions of the Federal Tort Claims Act ("FTCA"). Borawski v. Henderson, 265 F. Supp 2d. 475, 483 (D. N.J. 2003). The FTCA waives the United States sovereign immunity for claims arising out of tort committed by federal employees in instances "where . . . a private person . . . would be liable under applicable state tort law." 28 U.S.C. § 1346(b)(1). However, the FTCA does exempt certain types of claims from this waiver, including those arising from "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, **slander**, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added). Therefore, the Court lacks subject matter jurisdiction to address this allegation and it must be dismissed with prejudice.

### G. Motion to Strike

In light of the conclusion that Plaintiff's ADEA claims will be dismissed, Defendant's motion to strike as to these claims is moot. As to Defendant's motion to strike Plaintiff's claim for punitive damages under the Rehabilitation Act, such a claim is untenable under the Rehabilitation Act. Barnes v. Gorman, 536 U.S. 181, 189 (2002); Robinson v. Runyon, 149 F.3d 507, 517 (6th Cir. 1998). Finally, as to Plaintiff's claim to entitlement under the Rehabilitation Act to compensatory damages in excess of the $300,000 statutory cap, this claim also must be stricken. See 29 U.S.C. § 794a(a)(1); 42 U.S.C. § 1981a(b)(3)(C).

## II. ORDER

For all of the reasons stated above, the Court hereby **ORDERS** that Defendant's Motion to Dismiss (Doc. 10) be **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion to Dismiss is **GRANTED** as follows: (i) Plaintiff's claim for discrimination under the ADEA; (ii) Plaintiff's claims for retaliation under the Rehabilitation Act and the ADEA; and (iii) Plaintiff's claim for slander. Plaintiff's claim for discrimination under the ADEA and his claims for retaliation under the Rehabilitation Act and the ADEA are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim for slander is **DISMISSED WITH PREJUDICE**. Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's claim for discrimination under the Rehabilitation Act.

The Court further **ORDERS** that Defendant's Motion to Strike (Doc. 8) is **DENIED AS MOOT** as to Plaintiff's ADEA claims and **GRANTED** as to Plaintiff's Rehabilitation Act claims.

**IT IS SO ORDERED.**

                s/ Cathy Bissoon
                Cathy Bissoon
                U.S. Magistrate Judge

May 21, 2010

cc: Clarence C. Houser, Jr.
   1610 Center Avenue
   New Kensington, PA  15068

   Jennifer R. Andrade, Esq. (via email)