IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CLARENCE C. HOUSER, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-180 |
| JOHN E. POTTER, *Postmaster General,* *United States Postal Service*, | ) | Magistrate Judge Cathy Bissoon[1] |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is a Motion for Summary Judgment (Doc. 38) filed by Defendant John E. Potter, Postmaster General, United States Postal Service, and a Motion for Summary Judgment filed by Plaintiff Clarence C. Houser, Jr. (Doc. 42).[2] For the reasons stated herein, the Court will grant Defendant's motion and deny Plaintiff's motion.

### BACKGROUND

#### A. Procedural Background

Pro se Plaintiff Clarence C. Houser, Jr. brought this action against Defendant John Potter, Postmaster General, United States Postal Service.[3] Plaintiff apparently alleges discrimination on the basis of disability, which the parties and this Court have treated as a claim under the Rehabilitation Act, 29 U.S.C. §§ 701 et seq. See Doc. 17 (Memorandum Order (May 21, 2010)).

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. See Consent forms (Docs. 14, 16).

[2] Plaintiff's "Motion for Summary Judgment" apparently also serves as Plaintiff's response to Defendant's Motion for Summary Judgment.

[3] For ease of reference, the Court will refer to the United States Postal Service as "Defendant."

1

Other claims brought by Plaintiff were previously dismissed, and the Rehabilitation Act claim is the only pending claim. Id.

Plaintiff alleges that Defendant failed to provide a reasonable accommodation for a knee injury and assigned Plaintiff to job tasks beyond the physical restrictions imposed by his doctors. See id. at ¶¶ 6-7. Specifically, Plaintiff appears to allege three theories of discrimination: (1) Plaintiff was forced to perform work beyond his medical restrictions during his "limited duty" work assignment from November 15, 2007 to about November 27, 2007; (2) Plaintiff was entitled to have "light duty" work assigned to him to accommodate his injury from December 4, 2007 to April 7, 2008; and (3) Plaintiff was forced to work beyond his medical restrictions on April 11, 2008, resulting in a back injury.

Defendant has moved for summary judgment, asserting that: (1) Plaintiff did not have a "disability," as defined by the Rehabilitation Act; (2) Plaintiff was not "otherwise qualified" to perform the essential functions of his job as a letter carrier; (3) Defendant did not fail to accommodate a disability; and (4) Plaintiff was not forced to work beyond his medical restrictions. See Doc. 39 (Def.'s Br.). Plaintiff filed a response (Docs. 42, 43), and Defendant filed a reply (Doc. 44).

**B. Factual Background**

Plaintiff was formerly employed by the USPS as a part-time Flexible Carrier. See Doc. 41-1 at 2 (letter from Tracie P. Graham to Clarence C. Houser Jr. (May 27, 2004) (Def.'s Exh. A); Doc. 2 at ¶ 5 (Compl.). On August 4, 2007, Plaintiff injured his knee. Doc. 41-8 at 4 (Houser Dep. at 37:5-8 (Def.'s Exh. H)). A doctor's note dated August 7, 2007 noted that "Mr. Clarence Houser is incapacitated @ this time until 8/13/7 from his regular walking job." Doc. 41-13 at 2 (Def.'s Exh. M). A doctor's note from August 9, 2007 explained: "Patient not able to stand for long periods of time. Severe knee pain." Id. An August 14, 2007 doctor's note set

forth Plaintiff's diagnosis as a meniscal tear with degenerative joint disease. Doc. 41-14 at 2 (Def.'s Exh. N). The doctor prescribed no work until further notice. Id. at 3. On September 24, 2007, Plaintiff had knee surgery. Doc. 41-20 (Doctor's Office Note (Oct. 4, 2007) (Def.'s Exh. T)); Doc. 43-1 at 16 (Pl.'s Br.).[4]

On November 6, 2007, a doctor cleared Plaintiff to return to work starting November 14, 2007, restricted to "sedentary work (desk job) no prolong [sic] walking or standing." Doc 41-21 at 3 (Def.'s Exh. U). On November 15, 2007, Plaintiff accepted a "limited duty" work assignment. Id. at 2 (USPS Offer of Modified Assignment (Limited Duty) form (Nov. 15, 2007)). Plaintiff's limited duty work assignment included sedentary work such as answering phones, casing (sorting) mail, and some driving. Doc. 41-4 at ¶¶ 11-13 (McGinnis Decl. (Def.'s Exh. D)); Doc. 43-1 at 17-18 (Pl.'s Br.).

On December 4, 2007, Plaintiff stopped working because his worker's compensation claim was denied, which made him ineligible for a "limited duty" work assignment. Doc. 41-8 at 11-12 (Houser Dep. at 56:25 – 57:10 (Def.'s Exh. H)); Doc. 41-4 at ¶ 14 (McGinnis Decl. (Def.'s Exh. D)); see also Doc. 41-23 at 2 (E-mail from Raymond J. Cvetic to Timothy M. McIntyre (Nov. 26, 2007) (Def.'s Exh. W) (sending denial of Plaintiff's worker's compensation claim and indicating that limited duty work should not be offered to Plaintiff)). Around this time, Mr. Houser requested "light duty" work. Doc. 41-27 at 2 (letter from Plaintiff (undated) (Def.'s Exh. AA)). On December 18, 2007, a doctor's note explained that Plaintiff "[m]ay return to light duty 1-2 hours standing/walking level ground only no stairs, 10 pound weight limits as of Jan 4, 08." Doc. 41-29 at 3 (Def.'s Exh. CC). Defendant approved Plaintiff's request for light

---

[4] Plaintiff's "Exhibit" (Doc. 43-1) to his "Brief" (Doc. 43) includes a twenty-eight page document signed by Plaintiff that appears to set forth Plaintiff's arguments. The Court will treat those pages as Plaintiff's brief. See Doc. 43-1 at 10-27.

duty assignment on December 18, 2007. Id. at 5. Subsequent requests for light duty work based on similar restrictions were approved on January 31, 2008 and March 5, 2008. Doc. 41-31 (Def.'s Exh. EE); Doc. 41-33 (Def.'s Exh. GG). Plaintiff nonetheless did not work from December 4, 2007 to April 7, 2008, because no light duty work within Plaintiff's medical restrictions was available. Doc. 41-8 at 11-12 (Houser Dep. at 56:25 – 57:10 (Def.'s Exh. H)); Doc. 41-4 at ¶¶ 15-20 (McGinnis Decl. (Def.'s Exh. D)); Doc. 43-1 at 20 (Pl.'s Br.).

On April 3, 2008, Plaintiff's doctor cleared Plaintiff to "try out of full route" of mail delivery starting April 7, 2008. Doc. 41-34 at 2 (Def.'s Exh. HH). Plaintiff returned to work delivering mail on April 7, 2008. See Doc. 41-8 at 11-12 (Houser Dep. at 56:25 – 57:10 (Def.'s Exh. H)). On April 11, 2008, Plaintiff allegedly injured his back while delivering mail. Doc. 41-8 at 15-16 (Houser Dep. at 62:23 – 63:13 (Def.'s Exh. H)).

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

To make out a prima facie case of discrimination under the Rehabilitation Act, the plaintiff bears the burden to demonstrate that: (1) he has a disability; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he nonetheless suffered an adverse employment action as a result of discrimination. Donahue v. Consol. Rail Corp., 224 F.3d 226, 229 (3d Cir. 2000) (citing Shiring v. Runyon, 90 F.3d 827, 831 (3d Cir. 1996)); 29 U.S.C. § 794(a).

A. **Plaintiff Does Not Have a "Disability"**

Plaintiff may establish that he suffers from a "disability" if he can show that he has a physical or mental impairment which substantially limits one or more of his major life activities. 29 U.S.C. § 705(20)(B) (referring to 42 U.S.C. § 12102).[5]

Here, various doctor's notes indicate that, from August 7, 2007 to April 3, 2008, Plaintiff experienced some limitations on the major life activities of walking, standing, and lifting. See 42 U.S.C. § 12102(2)(A) (listing examples of "major life activities"). A note from August 9, 2007 states that Plaintiff is "not able to stand for long periods of time," Doc. 41-13 at 2 (Def.'s Exh. M), and on November 6, 2007, a doctor limited Plaintiff to "[s]edentary work (Desk Job) no prolong [sic] walking or standing," Doc 41-21 at 3 (Def.'s Exh. U). From December 18, 2007 to March 3, 2008, several doctor's notes explained that Plaintiff should not stand or walk for more than one to two hours a day, and that Plaintiff should not lift more than ten pounds. Doc. 41-29 at 3 (Def.'s Exh. CC); Doc. 41-31 (Def.'s Exh. EE); Doc. 41-33 (Def.'s Exh. GG). By April 3, 2008, however, a doctor cleared Plaintiff to return to work with no restrictions. Doc. 41-34 at 2 (Def.'s Exh. HH).

Plaintiff has not demonstrated that any of his major life activities was "substantially" limited. Whether a limitation is "substantial" depends on the "nature and severity of the impairment," the "duration or expected duration of the impairment," and the actual or expected "permanent or long term impact" resulting from the impairment. Keyes v. Catholic Charities of the Archdiocese of Phila., No. 10-1543, 2011 WL 713640, at *3 (3d Cir. Mar. 2, 2011) (quoting 29 C.F.R. § 1630.2). A temporary impairment that limits a major life activity is not a

---

[5] A plaintiff also may establish "disability" by demonstrating that he: (1) has a record of such an impairment; or (2) is regarded as having such an impairment. 29 U.S.C. § 705(20)(B) (referring to 42 U.S.C. § 12102). Plaintiff, however, does not appear to advance either of these theories of disability. Additionally, Plaintiff has presented no evidence that he has a record of such an impairment or that Defendant regarded him as having such an impairment.

5

"disability" under the Rehabilitation Act. Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002); McDonald v. Pa. Dep't of Public Welfare, Polk Ctr., 62 F.3d 92, 94-97 (3d Cir. 1995).

The vague doctor's notes from August 9, 2007 and November 6, 2007 provide no details regarding the severity of Plaintiff's impairments of walking and standing, and do not mention any impairment of Plaintiff's ability to lift. The later doctor's notes indicate that Plaintiff should not stand or walk for more than one to two hours per day and should not lift more than ten pounds, but none of those impairments rise to the level of a disability. See Kelly v. Drexel Univ., 94 F.3d 102, 106-108 (3d Cir. 1996) (holding "comparatively moderate restrictions on the ability to walk are not disabilities," and concluding that inability to walk more than a mile, inability to jog, and difficulty climbing stairs did not rise to level of disability); Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 186-87 (3d Cir. 1999) (finding inability to stand or walk for more than fifty minutes at a time did not rise to level of disability); Marinelli v. City of Erie, 216 F.3d 354, 363-64 (3d Cir. 2000) (finding inability to lift more than ten pounds is not substantial limitation on major life activity of lifting). Most significantly, the April 3, 2008 doctor's note underscores the temporary nature of Plaintiff's impairment, which lasted approximately eight months from August 2007 to April 2008.[6] A limitation of one to two hours of walking or standing per day, combined with a limitation of no more than ten pounds of lifting, for a period of only eight months, does not constitute a "substantial" impairment of one or more major life

---

[6] Plaintiff's medical condition following his alleged back injury on April 11, 2008, is irrelevant to whether Plaintiff had a disability because Plaintiff does not allege any discriminatory conduct after his April 11, 2008 injury. In any event, Plaintiff's impairments after his back injury were less severe than his impairments prior to his return to work on April 7, 2008. A "Physician Activity Status Report" dated April 17, 2008, indicates that Plaintiff was able to lift up to forty pounds and could stand or walk for up to four hours per day. Doc. 41-37 at 2 (Def.'s Exh. KK).

activities.[7] See Rinehimer, 292 F.3d at 380 ("[A] temporary, non-chronic impairment of short duration is not a disability covered by the ADA."); McDonald, 62 F.3d at 95-96 (finding inability to work during two-month recovery from surgery was not disability under Rehabilitation Act). Thus, Plaintiff has not established that he has a "disability" covered by the Rehabilitation Act.[8]

### B. **Plaintiff Has Provided No Evidence of Being Forced to Work Beyond His Medical Restrictions**

Finally, Plaintiff has failed to demonstrate that he was forced to work beyond his medical restrictions, either during the period that he was assigned to limited duty in November 2007, or when he resumed mail delivery in April 2008. When Plaintiff was assigned to limited duty in November 2007, his doctor prescribed "[s]edentary work (Desk Job) no prolong [sic] walking or standing." Doc 41-21 at 3 (Def.'s Exh. U). During this time, Plaintiff argues that he cased routes, which required lifting and standing for long periods of time. Doc. 43-1 at 17-18 (Pl.'s Br.). Plaintiff submitted the signatures of five witnesses that have knowledge of him performing this work. Doc. 43-1 at 44 (Exh. to Pl.'s Br.). But Plaintiff provides no evidence regarding the precise meaning of his doctor's prescription for "no prolong [sic] walking or standing," and no

---

[7] Once a court determines that an individual is not substantially limited in any major life activity other than working, the court should consider whether the individual is substantially limited in the major life activity of working. Keyes, 2011 WL 713640, at *3 (citing Mondzelewski v. Pathmark Stores, Inc. 162 F.3d 778, 783 (3d Cir. 1998)). In the present case, the temporary nature of Plaintiff's impairment indicates that Plaintiff was not substantially limited in any major life activity. Further, Plaintiff does not appear to assert that he is substantially limited in the major life activity of working and has provided no evidence that he was precluded from a "broad range of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999) (explaining that substantial limitation in the major life activity of working requires preclusion "from more than one type of job, a specialized job, or a particular job of choice").

[8] Because the Court finds that Plaintiff has not established that he has a disability, the Court declines to address Defendant's arguments regarding whether Plaintiff was "otherwise qualified" and whether a reasonable accommodation was available. See McDonald, 62 F.3d at 96-97 (declining to address whether reasonable accommodation would make plaintiff otherwise qualified where plaintiff "fail[ed] to meet the threshold test of disability").

evidence establishing the details of the work he was allegedly forced to perform. The five witnesses referenced by Plaintiff signed a document that states: "A list of people that have knowledge of Clarence Houser casing and pulling down routes to carry for overtime." Id. The document provides no information about what the witnesses observed (e.g., how long Plaintiff stood during a work day or how much he lifted, whether someone "forced" Plaintiff to perform those functions). Plaintiff, therefore, has not demonstrated that he was forced to work beyond his medical restrictions while casing mail in November 2007.

With respect to Plaintiff resuming mail delivery in April 2008, Plaintiff admits that his doctor cleared him to work with no limitations. Doc. 43-1 at 21 (Pl.'s Br.). Plaintiff seems to suggest that Defendant intentionally assigned him an unfamiliar mail delivery route with a "high volume" of mail. Id. But Plaintiff provides no evidence to support this allegation and his contention is wholly undercut by the fact that he had no work restrictions when he returned in April of 2008. Plaintiff, therefore, has not demonstrated that he was forced to work beyond his medical restrictions while delivering mail in April 2008.

## **CONCLUSION**

For all of the reasons stated above, Defendant's Motion for Summary Judgment (Doc. 38) is granted and Plaintiff's Motion for Summary Judgment (Doc. 42) is denied.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that, Defendant's Motion for Summary Judgment (Doc. 38) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 42) is **DENIED**.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

May 9, 2011

cc:

Clarence C. Houser, Jr. (via U.S. Mail)
All counsel of record (via CM/ECF e-mail)